FIRST NATIONAL BANK OF WYMORE V. ABRAHAM
L. MILLER.

FILED FEBRUARY 6, 1895.    No. 4871.

1. **Bank Checks:** REASONABLE TIME TO PRESENT: LIABILITY OF INDORSER. The evidence in this case examined, and *held* to show such facts as discharged defendant in error from liability to the plaintiff in error as indorser of ordinary checks.

2. ——— : ——— : ———.   The decision in *First Nat. Bank of Wy-- more v. Miller*, 37 Neb., 500, adhered to.

REHEARING of case reported in 37 Neb., 500.

*A. D. Mc Candless, Marquett, Deweese & Hall, and Sam-- uel J. Tuttle*, for plaintiff in error.

*Griggs, Rinaker & Bibb* and *T. F. Burke*, contra.

RYAN, C.

In this action there has already been filed an opinion,. which was reported in 37 Neb., 500. A rehearing was granted, and on another argument the case has been again submitted for our consideration. In the opinion above referred to there is to be found a correct statement of the facts involved, so that another summary of them would be but a needless repetition.

The plaintiff in error now insists that the checks were received by it after banking hours of May 31, 1890, and that, therefore, as the day named was Saturday, there was. no requirement that the checks should be forwarded earlier than the Monday following. The testimony of the defendant in error was that he indorsed the checks about half-past three o'clock in the afternoon, that of the cashier of plaintiff in error was that the indorsement was made about 4 o'clock. It does not appear from the evidence just what was the hour at which the bank closed. Before the payments out of the proceeds of the checks were made it appears that the bank had closed for general business, although for the accommodation of the defendant in error in this particular matter it still remained open. This, however,. is not of the importance which plaintiff in error would attach to it, for the rule is, as was originally announced in. this case, that to charge an indorser of an ordinary check it must be presented with all due dispatch and diligence consistent with the transaction of other commercial busi--

ness, and whether or not such diligence has been used must be determined from the facts of each particular case. On the trial there was introduced in evidence a stipulation in which it was expressly admitted "that the United States mails for the city of Cortland, Gage county, Nebraska, close at the post-office of the city of Wymore at 6 and 8 o'clock P. M. of each day, and that in due course of mail the first would reach Cortland by 9 o'clock of the same day, and the second by 10 o'clock A. M. of the next day, which was the fact upon the 31st day of May, 1890, and ever since has been." If on the day the checks were in-dorsed to plaintiff in error they had been mailed within two or three hours after indorsement they would have reached Cortland either at 9 o'clock the same evening or at 10 o'clock of Monday at farthest. Perhaps such dis-patch as this should not be exacted in every case; certainly there is perceivable no reason for requiring it in this. If the checks had been forwarded on Monday they could have been presented for payment as early as on Tuesday. If there had been any funds to pay the checks on Tuesday, upon their presentation plaintiff in error could with justice insist that it had used due diligence in forwarding the checks to Cortland for payment. As it is, however, the checks were sent by such a circuitous route that although they were forwarded on the evening train of Saturday of May 31st they did not reach Cortland until Thursday of the week following. If these checks had not been mailed until Monday, which plaintiff in error contends was the earliest date required, they would not have reached Cortland via St. Joseph, Missouri, and Omaha, Nebraska, sooner than Saturday, allowing for that purpose the same length of time which was actually consumed in making the only trip of the kind of which we have any record. Thus, if plaintiff in error is correct, there should be allowed for the trans-mission of two checks a distance of twenty-seven miles as a matter of right almost an entire week and that, too, when

it is stipulated that over this intervening space two railway trains each day carried mail direct from Wymore to Cortland.

It is unnecessary to attempt by arbitrary rule to define just what time should be given for the presentation of an ordinary check under all circumstances. For the purposes of this particular case it is sufficient to say that the district court did not err in assuming, as in view of its general conclusions it must have done, that, in forwarding the checks by the circuitous route adopted, the plaintiff in error was guilty of negligence. It is not required that our views of the law heretofore expressed in this case should be re-stated. It will answer every purpose to say that a full examination of the record, and due consideration of the arguments of counsel, convince us that the rules announced were correctly stated and happily applied. If reassurance was necessary, it would be found in the fact that the supreme court of Wisconsin, in *Gifford v. Hardell,* a very similar case to this, reported in 60 N. W. Rep., on page 1064, has approved our former opinion. The judgment of the district court is

AFFIRMED.